Per Curiam.

This was an action on a promissory note, dated March 31st, 1828, drawn by one Gannon, and endorsed by the defendant. The defence relied upon is, that the note in question was discounted by the plaintiffs, in violation of the provisions of the act restraining private banking associations, and is therefore void. According to the testimony of Lynch, the note in question was a renewal of a former note, which was discounted by him out of his private funds, the plaintiffs having no interest, directly or indirectly, in the original discount of it. It also appeared that the note in question, shortly before it fell due, was deposited withthe plaintiffs by Lynch, as collateral security for the pay merit of a check, drawn by him on the Manhattan Bank, dated the 22d of May, 1828. The amount of the check was advanced to Lynch, by the plaintiffs, in their own checks on the Tradesmen’s Bank. The Judge charged the jury, that if the advance of the money to Lynch, was a loan on the deposit of the note as a pledge or collateral security, the plaintiffs had a right to recover ; but if it was a discount of the note by the plaintiffs, the action could not be sustained, and he submitted that question to them, on the testimony of Lynch, and,the other proofs in the case. The jury found for the plaintiffs.
The charge of the Judge was in conformity to the decision in the case of the same plaintiffs v. Scott. [8 Cowen’s R. 717.] The *519 Court of Errors there held, that the company was authorized by its charter, to loan money upon notes or bonds; and Lynch’s statement of the transaction (which was adopted by the jury) shows, that in the present case, there was no discounting of the note in the ordinary way of banking, but a mere loan on the deposit of the note, which had been previously discounted, with his private funds.
It is, however, insisted by the defendant, that the advance made by the plaintiffs to Lynch, in their own checks, under the circumstances, was an exercise of banking privileges. The checks in question, were printed on bank note paper, were drawn for small sums, as is usual with bank notes, had the appearance of bank notes, and were issued by the plaintiffs for the purpose of passing) and usually did pass as such. It appears also, that the checks in question, though made payable at the Tradesmen’s Bank, were not paid there, but at the office of the plaintiffs, and that the plaintiffs had no funds at the Tradesmen’s Bank. The statute [2 R. L. 234,] makes void all notes or securities given to any company, which, without authority of law, shall issue notes, receive deposits, make discounts, or transact any other business, which incorporated banks may or do transact, by virtue of their corporate powers. It has been decided, that the Utica Insurance Co. has no right, by its charter to carry on banking business, and with the exception of the power of loaning money by way of investment of its capital, it falls within the restrictions of the act. The question then is, whether the issuing of these checks, is, in truth, an issuing of notes, within the fair construction of the restraining act. That act must be’construed strictly, where it is to work a forfeiture, although the objects of the legislature, so far as they are disclosed, are to be carried into effect. The transaction in this case, cannot fairly be considered as a carrying on of banking business. The plaintiffs made no discount of paper, but merely a loan to Lynch; and the money was to be obtained by a presentment of their checks, the amount of which they were bound to pay. It does not appear, that they gained any thing by the transaction, either interest, or any other benefit. It would be too strict, to declare their security for the *520 loan as utterly void; and, after some hesitation, we have come to the conclusion, that the plaintiffs are entitled to recover.

Motion for a new trial denied.

[J. L. Graham, Att'y for the plff. C. O’Connor, Att'y for the deft.]